```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              FRANKFORT

MARTIN J. KOETTERS, Executive  )
Director, Kentucky Office of   )
Insurance as Rehabilitator of  )
AIK Comp, for and on behalf of )
AIK Comp,                      )  Civil Action No. 3:05-19-JMH
                               )
       Plaintiff,              )
                               )  MEMORANDUM OPINION AND ORDER
v.                             )
                               )
                               )
ERNST & YOUNG LLP, et al.,     )
                               )
       Defendants.             )
```

                    **      **      **      **      **

This matter is before the Court on Plaintiff's motion to remand [Record No. 6]. Defendants Stephen P. Lattanzio and Actuarial & Technical Solutions, Inc. filed a response to the motion [Record No. 7] to which Plaintiff replied [Record No. 9]. This matter is now ripe for review.

### PROCEDURAL BACKGROUND

On March 29, 2005, Plaintiff, Executive Director of the Kentucky Office of Insurance, filed a complaint in the Franklin Circuit Court as Rehabilitator, for and on behalf of AIK Comp. Defendant Ernst & Young LLP ("E&Y"), a public accounting firm, is registered as a limited liability partnership in Delaware with its principal place of business in New York. Defendant David S. Meyer ("Meyer") is a resident of Ohio, and Defendant Stephen P. Lattanzio ("Lattanzio") is a resident of New York. Defendant Actuarial &

Technical Solutions, Inc. ("ATS"), an actuarial firm, is incorporated in New York with its principal place of business in New York as well.

On April 20, 2005, E&Y and Meyer filed a motion in the Franklin Circuit Court to compel arbitration of the underlying dispute pursuant to the terms of an alleged arbitration agreement between Plaintiff and E&Y. Two days later, Lattanzio and ATS removed the state court action to this Court alleging diversity jurisdiction.

Plaintiff's complaint alleges that from 1998 to 2002, E&Y and Meyer negligently provided auditing advice and services to AIK Comp and further made negligent misrepresentations in connection with such auditing advice and services. Plaintiff also alleges that from 1997 to 2002, Lattanzio and A&T negligently performed actuarial services for AIK Comp including, but not limited to, premium rate studies and recommendations about the adequacy of premiums, which AIK Comp relied upon in preparing its financial statements.

## DISCUSSION

Generally, a civil case brought in state court may be removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). A federal court has original diversity jurisdiction over suits between citizens of different states and in which the amount in controversy exceeds

$75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). Moreover, "[s]ection 1332's congressionally conferred diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). On a motion to remand, the defendant bears the burden of proving the diversity requirements. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

**A.    Citizenship of Limited Liability Partnership**

Defendants Lattanzio and ATS removed the instant cause of action alleging complete diversity of citizenship in light of E&Y, a limited liability partnership, having been registered in Delaware with its principal place of business in New York. However, the United States Supreme Court has clearly rejected the notion that entities *other than corporations*, like E&Y, are considered citizens of their state of incorporation or principal place of business. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990)("While the rule regarding the treatment of corporations as 'citizens' has become firmly established, we have . . . just as firmly resisted extending that treatment to other entities.").[1]  As such, the Supreme Court rejected "the contention that to determine, for

---

[1] The Supreme Court recognized one exception — the *sociedad en comandita* — which was created under Puerto Rico civil law. This limited exception clearly is inapplicable to the instant case.

diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members." *Id.* at 195. Rather, "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members." *Id.* (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)).

This law makes clear that Defendants Lattanzio and ATS erred in failing to consider the citizenship of the individual partners of E&Y prior to removal. Because certain of E&Y's partners are citizens of the Commonwealth of Kentucky, like Plaintiff, Defendants have failed to establish that the parties in this case are completely diverse.

**B.   Real Parties in Interest**

Despite the lack of complete diversity of citizenship, Defendants Lattanzio and ATS next argue that E&Y and Meyer are not the "real parties in interest"[2] to this action and, therefore, that their citizenship must be disregarded for removal purposes. Acknowledging United States Supreme Court authority, the Sixth Circuit has stated, "If . . . one of the 'nondiverse' parties is not a real party in interest, and is purely a formal or nominal party, his or its presence may be ignored in determining jurisdiction." *Certain Interested Underwriters at Lloyd's*, 26 F.3d

---

[2]Fed. R. Civ. P. 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest."

39, 42 (6th Cir. 1994)(citing *Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 190 (1924)). Specifically, "a formal or nominal party 'is one who has no interest in the result of the suit and need not have been made a party thereto.'" *Maiden v. N. Am. Stainless, L.P.*, 125 Fed. Appx. 1, 3, 2004 WL 2889919, at *2 (6th Cir. Dec. 15, 2004)(quoting *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)).

Defendants' reference to this authority, however, at least in the context of Defendants' argument, appears to be misplaced. The crux of Defendants' argument is that the *claims against E&Y and Meyer* are entirely distinct, factually and legally, from Plaintiff's *claims against ATS and Lattanzio*.[3] In a nutshell, Defendants argue that E&Y and Meyer may not be *joined* as Defendants in Plaintiff's cause of action against ATS and Lattanzio. However, such an argument is entirely different than an argument that E&Y and Meyer are not "real parties in interest" or, in other words, do not have any interest in the outcome of this litigation. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1543 (2d ed. 1990)("[T]he question of who should or may be joined in the action must be determined under Rule

---

[3]Defendants argue, "Whatever separate controversy may exist between E&Y and Meyer and Plaintiff is nominal to the dispute between Mr. Lattanzio and ATS and Plaintiff, just as whatever claim is made by Plaintiff against Mr. Lattanzio and ATS is nominal to the Plaintiff's controversy against E&Y and Meyer." (Defs.'s Response to Pl.'s Mot. to Remand at 3.)

19 and Rule 20 rather than Rule 17(a). . . . [T]he fact that someone is not a real party in interest is not conclusive on the question of the propriety of joinder."). Finding that the crux of Defendants' argument is, in substance, not a "real party in interest" argument, the Court will instead analyze the issue under the law governing joinder.

**C.   Rule 20 Joinder**

Defendants' argument that Plaintiff's claims against E&Y and Meyer are factually and legally distinct from Plaintiff's claims against ATS and Lattanzio *is* relevant to the question of whether such Defendants may be joined in the same cause of action. With respect to joinder, Rule 20 of the Federal Rules of Civil Procedure states, "All persons . . . may be joined in one action as defendants if there is asserted against them . . . any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." Rule 20 "imposes two specific requisites to the joinder of parties:  (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action."  7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653 (3d ed. 2001).

The Court finds a sufficient connection between the Defendants

6

in this matter to allow Plaintiff to join all of them in the same cause of action. It is clear that common questions of fact and law will arise in this matter. Plaintiff alleges state law negligence in the performance of professional services on the part of all Defendants. Furthermore, Plaintiff's allegations indicate that AIK Comp's financial statements are directly at issue with respect to both Plaintiff's claims against E&Y and Meyer and Plaintiff's claims against ATS and Lattanzio.

Moreover, the Court finds that the "same transaction or occurrence" requirement is satisfied as well. Although E&Y and Meyer performed auditing services for AIK Comp separate from the actuarial services that ATS and Lattanzio performed for AIK Comp, the services are sufficiently connected to allow claims arising out of each to be brought together. First, Defendants performed the auditing and actuarial services essentially during the same period of time. More importantly, Plaintiff alleges, and no Defendant disputes, that, in crafting its financial statements, AIK Comp relied upon the actuarial opinions and reserve studies of ATS and Lattanzio; E&Y and Meyer then audited those financial statements and issued opinions regarding the financial statements. Again, questions of fact regarding the financial statements almost certainly will arise with respect to all Defendants. Finally, AIK Comp relied upon all of the services performed by Defendants in establishing premiums for the insurance policies that AIK sold and

marketed to its members.

The Court recognizes the differences between the Defendants in this matter and acknowledges Defendants ATS's and Lattanzio's argument that the transactions underlying Plaintiff's complaint are separate. However, many courts have employed a "liberal approach to the concept of same transaction or occurrence," and "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Id.* Finding an absence of authority in this district and in the Sixth Circuit more narrowly defining the parameters of "same transaction or occurrence," the Court finds Plaintiff's claims against ATS and Lattanzio sufficiently connected to Plaintiff's claims against E&Y and Meyer such that Plaintiff properly joined the Defendants in this cause of action.

**D. Fraudulent Joinder**

Finally, Defendants ATS and Lattanzio allege that Plaintiff fraudulently joined E&Y in the instant cause of action for the purpose of defeating diversity jurisdiction. Where the removing party alleges fraudulent joinder, that party bears the burden of demonstrating fraudulent joinder. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). The doctrine of

8

fraudulent joinder applies in the following three situations:

> (1) when there is no colorable basis for a claim against the non-diverse defendant, (2) when a plaintiff engages in outright fraud in pleading jurisdictional allegations, and (3) when the plaintiff joins a defendant who has no joint, several, or alternative liability with a diverse defendant (and there is no nexus between the claims against the diverse and non-diverse defendant).

*Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 548 (E.D. Ky. 2001)(citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904 (6th Cir. 1999)). The Sixth Circuit has stated:

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Alexander*, 13 F.3d at 949 (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Accordingly, "'the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved," or, in other words, "whether there [i]s any 'reasonable basis for predicting that [the plaintiff] could prevail.'" *Id.* (quoting *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)).

Defendant in this case has failed to establish that Plaintiff fraudulently joined E&Y in this cause of action. Defendants ATS and Lattanzio have not posited any evidence of "outright fraud in

9

pleading jurisdictional allegations"; accordingly, Defendants may satisfy their burden only by showing that Plaintiff does not state a "colorable basis for a claim" against E&Y or by showing that there is no joint, several, or alternative liability against E&Y. *Salisbury*, 166 F. Supp. 2d at 548. The only argument posited by Defendants ATS and Lattanzio in support of this burden is the arbitration agreement between AIK Comp and E&Y.[4] For the reasons that follow, the Court finds such argument to be without merit.

Defendants ATS and Lattanzio argue that the Kentucky Arbitration Act and the Federal Arbitration Act ("FAA") dictates that Plaintiff, Meyer, and E&Y must proceed with arbitration; KRS §§ 417.050, 417.060; 9 U.S.C. § 1 *et seq.*; and, as a result, Plaintiff's complaint fails to state a colorable basis for a claim against E&Y. Although neither this District nor the Sixth Circuit have not spoken to this issue, many courts have held that the mere existence of an arbitration agreement between the plaintiff and the

---

[4]Defendants ATS and Lattanzio also reiterate their argument that there is no connection between Plaintiff's claims against E&Y and Meyer and ATS and Lattanzio. However, for the reasons already identified in the previous section of this Memorandum Opinion and Order, the Court rejects this argument. Further, Defendants argue that "since the filing of this suit, Plaintiff has filed separate suits against other defendants" and that Plaintiff "could just as easily have filed separate suits — one against E&Y and Meyer and another against Mr. Lattanzio and ATS." (Defs.' Response to Pl.'s Mot. to Remand at 5.) However, merely because Plaintiff *could* file separate suits does not preclude Plaintiff from filing claims against Defendants in the same suit — of course, assuming there is a sufficient connection between the Defendants and no improper purpose.

non-diverse party does not render joinder of the non-diverse defendant fraudulent. *See, e.g.*, *Cure v. Toyota Motor Corp.,* Inc., 248 F. Supp. 2d 594, 596-97 (S.D. Miss. 2003); *Briarpatch Ltd. v. Pate*, 81 F. Supp. 2d 509, 517 (S.D.N.Y. 2000); *Frank v. Am. Gen. Fin., Inc.*, 23 F. Supp. 2d 1346, 1348-49 (S.D. Ala. 1998); *see also* Don Zupanec, *Removal — Fraudulent Joinder — Mandatory Arbitration of Claims*, FED. LITIGATOR, June 2003, at 7.

This Court agrees that the existence of an arbitration agreement does not of itself render joinder fraudulent. The mere fact that the claims are subject to arbitration does not yield the conclusion that Plaintiff has failed to state a colorable basis for a claim against E&Y for several reasons. First, "the existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement." *Frank*, 23 F. Supp. 2d at 1349. Second, "[u]pholding any arbitration agreement is not automatic and should only be undertaken after careful consideration of the circumstances," and courts "must determine the enforceability of [an] arbitration agreement according to applicable state law." *Shadeh v. Circuit City Stores, Inc.*, 334 F. Supp. 2d 938, 940, 941 (W.D. Ky. 2004).

Third, "the mere existence of an arbitration agreement does not divest a court, state or federal, of jurisdiction." *Frank*, 23 F. Supp. 2d at 1349 (noting that the United States Supreme Court

11

"has never held that the FAA abrogates a state court's jurisdiction over an action which is governed by an arbitration agreement"). Fourth, the right to arbitrate is a right that the defendant may waive "intentionally or even negligently by failing to assert it timely or some other 'default in proceeding with such arbitration.'" *Id.* at 1350 (quoting 9 U.S.C. § 3). Finally, even assuming an enforceable arbitration agreement exists, the FAA gives courts the express right only to *stay* "the action until such arbitration has been had in accordance with the terms of the agreement," and nothing in the FAA states that a court should *dismiss* the action. *See* 9 U.S.C. § 3.

In light of this authority, which this Court finds persuasive, the Court finds that Defendants ATS and Lattanzio have failed to satisfy their burden of establishing that Plaintiff's complaint fails to state a colorable basis for a claim against E&Y. As a result, Defendants ATS and Lattanzio have failed to establish fraudulent joinder. Because the parties are not otherwise diverse in citizenship, remand is warranted.

**E. Attorneys' Fees and Costs**

District courts have the discretion to award attorneys' fees and costs upon remand of an action following removal. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). Specifically, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees,

12

incurred as a result of the removal." 28 U.S.C. § 1447(c). Further, "[a] threshold determination of bad faith, improper purpose, or vexatious or wanton conduct [i]s not necessary" prior to awarding attorneys' fees and costs. *Morris*, 985 F.2d at 240. Rather, an award of fees and costs should be upheld where it is "'fair and equitable under all the circumstances.'" *See id.* (quoting *Morgan Guar. Trust Co. v. Rep. of Palau*, 971 F.2d 917, 924 (2d Cir. 1992)).

In this case, the Court, in its discretion, declines to award Plaintiff's attorneys' fees and costs incurred with filing the instant motion. Defendant raised competent, though ultimately unavailing, arguments that joinder was inappropriate in light of the differing nature of Plaintiff's claims against E&Y and Meyer and Plaintiff's claims against ATS and Lattanzio. Moreover, Defendant posited a legitimate argument that the arbitration agreement between E&Y and Plaintiff precludes Plaintiff's claim against E&Y. Despite the Court's ultimate conclusion that remand is appropriate, in a close situation such as this one, the Court chooses not to award attorneys' fees and costs.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's motion to remand [Record No. 6] be, and the same hereby is, **GRANTED**; and

(2) that the instant cause of action be, and the same hereby

13

is, **REMANDED** to **Franklin Circuit Court.**

This the 21st day of June, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge